ALLEN W. HINKEL DRY GOODS CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9841.    Promulgated January 26, 1928.

*Stanley Spurrier, C. P. A.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

LANDSON: The petitioner having abandoned its allegation of error as to adjustments of invested capital, it remains only for the Board to determine, for amortization purposes, the value, if any, of the

leasehold here involved at March 1, 1913. The record is clear that at the basic date such leasehold had a remaining life of only 4 years and 1 month. The petitioner contends that the renewal privilege in the original lease in effect extended the terms thereof for an additional 10 years and that the Board should find that whatever value there was in the lease at March 1, 1913, is exhaustible over a period of 14 years.

If the renewal clause of the original lease had been unconditional, the petitioner's contention might be sound. Such, however, was not the case. The renewal privilege was conditional upon a revaluation of the property at the date of the expiration of the first lease. How such a revaluation was to be made is not in evidence, but it is clear that when made the petitioner, the resulting rental being satisfactory, might renew, but there is nothing to indicate that it was required so to do. On the other hand, had the new rental rate been uneconomic as related to the petitioner's purposes, it would have been at liberty to vacate the property without sacrifice or cost. We have heretofore held that a 99-year lease with a revaluation or recapture clause has no value that can be determined beyond the next succeeding revaluation date. *Appeal of Lenox Land Co.*, 5 B. T. A. 1206. We think the same principle applies with even more force in the circumstances herein, and therefore hold that at March 1, 1913, the renewal privilege in the petitioner's lease was not a factor in the determination of value at that date.

Since the only lease owned by the petitioner in the taxable years was acquired without cost subsequent to March 1, 1913, there is no basis for the computation of amortization.

*Judgment will be entered on 10 days' notice, under Rule 50.*